# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| Batool Sadeghzadeh<br><br>Plaintiff<br><br>Vs.<br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Mail Stop 3650<br>Washington, DC 20528,<br><br>JOHN F. KELLY, Secretary, U.S. Dept. of Homeland Security<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Mail Stop 3650<br>Washington, DC 20528,<br><br>JAMES McCAMENT, Acting Director, U.S. Citizenship & Immigration Services<br>20 Massachusetts Avenue<br>Washington, DC 20528,<br><br>and NICHOLAS COLUCCI, Director, U.S. Citizenship & Immigration Services,<br>Immigrant Investor Program Office,<br>20 Massachusetts Avenue<br>Washington, DC 20529-2090<br><br>Defendants. | ) | **CASE NO.: 17-1032**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, by and through their undersigned counsel, respectfully bring this Complaint for relief from denial by Defendants UNITED STATES CITIZNESHIP & IMMIGRATION SERVICES ("USCIS), John F. KELLY, James McCAMENT, and Nicholas COLUCCI (collectively, "Defendants"), of Form I-526 Immigrant Petition by Entrepreneur (I-526 Petition) with $1,500.00 filing fee properly filed by the Plaintiff who has invested $500,000.00 in a new commercial enterprise that uses Plaintiff's funds for job creation in a hotel project in Seattle, Washington. The Plaintiff had satisfied the requirements to obtain certain immigration benefits, including permanent resident offered by the U.S. Congress through the Immigrant Investor Program administered by the USCIS ("Immigrant Investor Program"). USCIS denied the Plaintiff's I-526 Petition, and the Plaintiff now asserts that the denial was arbitrary, capricious, unsupported by law and evidence, and violative of due process, and the Plaintiff seeks appropriate judicial relief. In support thereof, the Plaintiff alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because the Plaintiff's claim arise under the laws of the United States, specifically the Immigration & Nationality Act ("INA"), related agency regulations, and the Constitution of the United States. This Court also has jurisdiction under 5 U.S.C. § 500, *et. seq.* (Administrative Procedure Act ("APA")), 28 U.S.C. §§ 2201 and 2022 (Declaratory Judgment Act).

2. There is no statutory or regulatory requirement to exhaust administrative remedies seeking redress for denial. See *Darby vs. Cisneros*, 509 U.S. 137, 146-47 (1993) (the APA "explicitly requires exhaustion of all intra-agency appeals mandated either by statute or by agency rule; it would be inconsistent with the plain language of [the statute] for courts to require litigants to exhaust optional appeals as well."); *RCM Techs vs. DHS*, 614 F. Supp.2d 39, 45 (D.D.C. 2009) (appeals to the AAO are not mandatory). This action does not challenge any discretionary acts by the Defendants.

3. Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et. seq.*

## VENUE

4. Venue properly lies in the District of Columbia pursuant to 28 U.S.C. § 1391 § (1)(A) and (B), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where one of the Defendants resides and where a substantial part of the events or omissions giving rise to the claim occurred. Defendants Kelly, McCament, and Collucci perform a significant amount of their official duties and maintain their offices in the District of Columbia, and the adjudication was performed and denials were issued from the Defendants' offices in the District of Columbia.

## PARTIES
### Plaintiff

5. The Plaintiff, Batool Sadeghzadeh, is a citizen of Ira,

6. The Plaintiff has made an at-risk investment of $500,000.00 USD into 225 South King Street Limited Partnership ("255 LP"), a State of Washington Limited Partnership established in 2011 as the "new commercial enterprise" fitting 8 USC § 1153(b)(5) (the "NCE"). The NCE is using the funds to finance the development and operation of a twenty-three story hotel tower (the "Hotel Tower") and an inter-connected eight story building (the "Podium"), and then manage for profit the various businesses to be located at the property, collectively referred to as the job creating enterprises ("JCEs"). Plaintiff's invested funds are irrevocably committed to the NCE and the JCEs.

7. The Plaintiff filed the I-526 Petition with $1,500.00 filing fee on February 12, 2014 (see filing receipt attached as Exhibit "1"). The receipt number of the case was WAC-14-90130533. The Defendants then failed to adjudicate the I-526 Petition within the normal processing times, and after many unsuccessful inquires to the Defendants' offices, the Plaintiff was forced to file a Writ of Mandamus with the United States District Court for the District of Connecticut on June 1, 2016 to compel the Defendants to process this long delayed Petition. The Docket number for that case was 3:16-cv-848 (Sadeghzadeh vs. Rodrigues, Et. Al.). After the filing of Mandamus action, the Defendants finally processed the Petition by issuing a Request for Evidence ("RFE") on July 28, 2016 (see copy of EFR attached as Exhibit "2"), to which the Plaintiff filed a

comprehensive response on November 2, 2016. The Defendants then denied the Petition on December 8, 2016 (see copy of denial attached as Exhibit "3").[1] The Plaintiff has a daughter who was included as a derivative beneficiary on the I-526 Petition. That daughter has now passed the age of 21 (twenty one), and will therefore be unable to be included as a derivative beneficiary in a new I-526 Petition if the Plaintiff files a new one.

**Defendants**

8. Defendant USCIS is the agency responsible for adjudicating I-526 Petitions relating to the Plaintiff's pursuit of conditional and unconditional permanent residence in the fifth employment based preference under INA 203(b)(5), 8 U.S.C. 1153 (b)(5). USCIS maintains the ultimate responsibility within the federal government for adjudicating cases under the Immigrant Investor Program including decisions regarding I-526 Petitions, such as Investor Plaintiff's petitions.

9. Defendant Nicholas Colucci is the Director of the USCIS Immigrant Investor Program Office, whose office address is at 20 Massachusetts Avenue, Washington, D.C. 20529-2090. He is sued in his official capacity. As the Director of the Immigrant Program Office, he has the ultimate responsibility within his office for the adjudication of Plaintiff's I-526 Petitions.

[1] The Plaintiff and the Defendants had reached an agreement in the Mandamus action for the Defendants to issue a decision on the application within 30 days of the response to the RFE. The Defendants were late in honoring that agreement as well.

10. Defendant James McCament is the Acting Director or USCIS, a subdivision of DHS. He is sued in his official capacity. In his capacity as Director, he has the ultimate responsibility within USCIS for adjudicating Plaintiff's I-526 Petitions in a reasonable time.

11. Defendant John F. Kelly is the Secretary of the Department of Homeland Security ("DHS"). He is sued in his official capacity. As the Secretary of DHS he oversees the actions and has ultimate responsibility for the actions of USCIS officers in adjudicating Plaintiff's I-526 Petitions.

## BACKGROUND ON RELATED REGIONAL CENTER, NEW COMMERCIAL ENTERPRISE, AND JOB-CREATING ENTITIES

12. Golden Rainbow Freedom Fund ("GRFF") is a USCIS -designated regional center. A copy of the USCIS designation is attached as Exhibit "A." American Life Inc. is the general partner of the GRFF, its first Regional Center, founded in 1996 and also called the Golden Rainbow Freedom Fund. It comprises the industrial district immediately south of downtown Seattle, commonly known as SODO.

13. 255 South King Street Limited Partnership, a Washington Limited Partnership, was formed on December 16, 2011, to acquire, develop and improve a 60,000 square foot unimproved parcel of real property located at 255 South King Street, Seattle, Washington, upon which the Partnership is developing a hotel comprised of a 23 story tower and an inter-connected eight story building. The "Hotel Tower" will be home to an approximately 297 room Embassy Suites hotel with and approximate 8,711 square feet

restaurant space in its street level lobby. The basement and the first eight floors of the inter-connected eight story tower will provide approximately 372 parking spaces, office spaces, conference facilities, and a pool and health club for the Hotel's use. The total project costs is estimated at $244,000.00 with no financing.

## **<u>IMMIGRANT INVESTOR PROGRAM</u>**

14. The Immigration and Nationality Act ("INA") section 203(b)(5), 8U.S.C § 1153(b)(5), establishes a preference allocation of visas ("EB-5 visas") for immigrants who have invested, or are in the process of investing, a designated amount of lawfully obtained capital in commercial enterprises and can demonstrate that the investment will create ten or more jobs for qualified United States workers. Under this Immigrant Investor program qualified immigrant investors may obtain lawful permanent residence for themselves and their spouse and unmarried children under age 21, with the ages of children adjusted according to the Child Status Protection Act, Pub. L. 107-208 (2002).

15. The Immigrant Investor Program is intended generally to benefit the United States economy and its lawful workers by attracting foreign capital and encouraging economic development, especially in high unemployment or rural areas in the United States. The program creates desirable results for both the investor and the United States worker and for the U.S. economy in general.

16. The Immigrant Investor Program makes up to 10,000 immigrant visas available for qualified foreign nationals (with their family members) who invest, or are "actively involved I

the process of investing" the required capital in a "new commercial enterprise" which thereby creates full-time employment for no fewer than ten qualified U.S. workers per foreign investor. To qualify, the foreign national must invest or be in the process of investing $1 million. If, as in Plaintiff's cases, the investment is made in a rural or an area of unemployment substantially higher than the national average ("targeted employment area"), the minimum investment is reduced to $500,000.00. INA § 203(b)(5), 8 U.S.C. § 1153(b)(5), 8 C.F.R. § 204.6 (f)(2).

17. Under a funding bill first enacted in 1993, Pub. L. 102-395, and subsequently amended and extended numerous times, investors placing required capital in affiliation with a USCIS-approved "regional center" may be credited not only with new employees of the "new commercial enterprise" but also with indirect job creation assessed by reasonable methodologies. Plaintiff's investments are sponsored by GRFF.

18. To obtain lawful permanent residence under the Immigrant Investor Program, an immigrant investor first must file an I-526 petition and supporting documents establishing the qualifying investment and the investors' legitimate source of funds and accompanied by the appropriate fee ($1,500.00 at the time of filing of the Plaintiff's Petition). 8 C.F.R. § 204.6(a). The USCIS Immigrant Investor program Office, located in the District of Columbia, is the office responsible for adjudicating all I-526 petitions, including those filed by Plaintiffs. The denial notice relating to the petitions at issue in this action has been issued by the Immigrant Investor Program Office.

19. The I-526 petition must be accompanied by evidence that the alien has invested, or is "actively in the process of investing," lawfully obtained capital in a new commercial enterprise in the United States that will create, at least ten full-time positions for qualifying employees.

20. If initial evidence submitted with Form I-526 Petitions does not establish eligibility, USCIS may either : (1) deny the petition for ineligibility; (2) request more information or evidence, which must be submitted within a specified time determined by USCIS (typically 84 days); or (3) notify the petition of its intent to deny the petition and the basis for the proposed denial, and require that the petitioner respond within thirty days. 8 C.F.R § 103.2(b)(8)(iii).

21. Adjudication of Plaintiff's I-526 Petitions is not entrusted to USCIS discretion.

## DEFENDANTS' ADJUDICATION AND DENIAL OF PLAINTIFF'S PETITION

22. On February 14, 2014, the Plaintiff filed an I-526 Petition with the USCIS based on her qualified investment in 255 South King Street Limited Partnership, and provided evidence of the legal source of funds, and investment in 255 South King Street Limited Partnership.

23. The USCIS then delayed the processing of the application for one and a half years, which is beyond the normal processing time for these types of cases.

24. After numerous inquiries with the USCIS about the status of the I-526 Petition went unanswered, the Plaintiff, on June 1, 2016, filed a Petition for Writ of Mandamus with the United States District Court for the District of Connecticut, wherein she asked the Court for an order compelling the USCIS to adjudicate her Petition.

25. In response to the filing of the Mandamus Petition, the USCIS issued a Request for Evidence on July 8, 2016. The USCIS and the Plaintiff herein then entered into an agreement wherein the USCIS agreed to adjudicate the Plaintiff's Petition within thirty (30) days following the receipt of the Plaintiff's response to the RFE.

26. On November 3, 2016, the Plaintiff responded to the RFE. On December 8, 2016, more than the 30 days that it had previously agreed to, the USCIS issued a denial of the Petitioner's I-526 ("Denial").

27. The Denial claimed that the Plaintiff has not shown the proper legal path of funds, and that the documents that she had provided in support of her Petition were effective and / or not properly translated.

28. The Denial was replete with not only flawed legal conclusions, but also with factual errors, and bizarre claims about document translations, and / or missing translations or foreign language originals for documents that were in original English.

29. The Denial was issued in error in one or more of the following ways:

a. In that it cited missing original foreign language documents for wire transfer receipts when the original documents were in English, and were even stamped in English;

b. In that it cited a defective translation from Persian to English with no evidence that the USCIS had independent translation of documents. The Denial simply stated that the handwritten Persian language receipt had three lines of text and the typed English version only had one line of text;

c. It cited missing original foreign language bank statements when the original bank statements were in English, and therefore, there were no original foreign language statements;

d. It claimed that the Plaintiff had not provided proof that the funds were invested in the qualifying project when the Plaintiff had provided a Subscription Agreement,

which would not have been signed or issued if the Plaintiff had not invested the funds in the project.

e. It cited erroneous dates of documents in the Denial when it took issue with an incorrect date which was obviously a typographical error.

f. It failed to properly apply the "more likely than not" standard in assessing the legal path of funds based on the totality of the evidence submitted.

30. The Plaintiff and her family members are entitled to a proper adjudication of their I-526 Petitions. Defendants' denial will now place the Plaintiff in a position to have to file a new I-526 Petition through a different program in order to seek classification under the EB-5 program. Doing so will have the effect of delaying the Plaintiff's immigration to the United States for several years while USCIS adjudicates the new petition and while many thousands of other investors who have filed petitions in the meantime with their families received higher priority for limited visa numbers. In addition, the Plaintiff's daughter will lose her eligibility to derive U.S. permanent residence from her parent, the Plaintiff's, visa petition. The Denial also caused the Plaintiff to lose the use of substantial funds which she has invested in the project since 2014.

31. In order to provide the Defendants with one last opportunity to correct their error, the Plaintiff filed an appeal of the Denial of the I-526 Petition with the Administrative Appeals Office of the USCIS ("AAO") on January 4, 2017 (see copy of filing receipt attached as Exhibit "4).

32. While the AAO appeal is pending, the processing time for those appeals may be well over a year, which because of the factors mentioned above will cause the Plaintiff and her family irreparable harm.

33. In order to provide the Defendants with an opportunity to adjudicate the appeal and to correct the error, on March 31, 2017, the Plaintiff, through counsel, forwarded a letter to the AAO asking for the adjudication of the appeal within thirty (30) days, and advised the AAO that if the appeal was not adjudicated within the 30 days period an action for the review of the Denial will be filed with the U.S. District Court (see copy of letter to AAO attached as Exhibit "5"). The Plaintiff did not receive a response to that letter.

34. As mentioned in paragraph 2 above, the Plaintiff is not under a legal obligation to exhaust administrative remedies before filing a petition for review in the District Court.

## FIRST CAUSE OF ACTION

### Violation of the APA 5 U.S.C. § 70692)(A)

35. The Plaintiff hereby incorporates by reference as is set forth in full and at length above the allegations of this Complaint.

36. Defendants' practices, policies, rules, criteria, interpretations, and conduct in regard to the above names Plaintiff was "arbitrary, capricious. And abuse of discretion, or otherwise not in accordance with the law" and was "agency action" in violation of the Administrative Procedures Act , 5 U.S.C. § 706(2)(A). "Agency action" under APA includes "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof." 5 U.S.C. § 551(13). Defendants' denials of the Plaintiff's I-526 petition violated the APA in one or more of the following ways:

a. In that it cited missing original foreign language documents for wire transfer receipts when the original documents were in English, and were even stamped in English;

b. In that it cited a defective translation from Persian to English with no evidence that the USCIS had independent translation of documents. The Denial simply stated that the handwritten Persian language receipt had three lines of text and the typed English version only had one line of text;

c. It cited missing original foreign language bank statements when the original bank statements were in English, and therefore, there were no original foreign language statements;

d. It claimed that the Plaintiff had not provided proof that the funds were invested in the qualifying project when the Plaintiff had provided a Subscription Agreement, which would not have been signed or issued if the Plaintiff had not invested the funds in the project.

e. It cited erroneous dates of documents in the Denial when it took issue with an incorrect date which was obviously a typographical error.

f. It failed to properly apply the "more likely than not" standard in assessing the legal path of funds based on the totality of the evidence submitted.

## SECOND CAUSE OF ACTION

## 5 U.S.C. § 706(2)(C)

37. The Plaintiff hereby incorporates by reference as is set forth in full and at length above the allegations of this Complaint.

38. Defendants' denial of the Plaintiff's I-526 Petition was "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right" in violation of 5 U.S.C. § 706(2)(c) in that their use and overly broad interpretation and application of the holding in *Matter of Izummi*, 22 I&N Dec. 169 (Comm'r 1998), which is cited in the Denial as legal authority, violated the underlying section of the INA that govern the EB-5 program. To the extent that *Matter of Izummi* support Defendants' denial. *Matter of Izummi* is impermissibly

beyond the scope of Defendants' authority. Defendants have exceeded their authority under the INA in denying the Plaintiff's I-526 Petition.

## THIRD CAUSE OF ACTION

## 5 U.S.C. § 706(2)(E)

39. The Plaintiff hereby incorporates by reference as is set forth in full and at length above the allegations of this Complaint.

40. Defendants violated 5 U.S.C. § 706(2)(E) as their denial of the Plaintiff's Petition was not supported by substantial evidence. See *Universal Camera Corp. vs. NLRB*, 340 U.S. 474 (1951).

## FOURTH CAUSE OF ACTION

## Defendants Violated Congressional Intent

41. The Plaintiff hereby incorporates by reference as is set forth in full and at length above the allegations of this Complaint.

42. Under the APA, the Court must set aside agency action that is "not in accordance with law," or that is "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right." 5 U.S.C. § 706(2)(A), (C). "[T]he judiciary, not the agency, is the final authority on issues of statutory construction, and must therefore set aside any administrative construction of the status that violate clear congressional intent." Internal quotations omitted, *See Massachusetts vs. Dep't of Transportation*, 93 F.3d 890, 893 (D.C. Cir. 1996).

## FIFTH CAUSE OF ACTION

### 5 U.S.C. § 706(2)(B) and Fifth Amendment Due Process

43. The Plaintiff hereby incorporates by reference as is set forth in full and at length above the allegations of this Complaint.

44. Defendants' actions were "[c]ontrary to constitutional right, power, privilege or immunity" in violation of 5 U.S.C. § 706(2)(b) and the Due Process under the Fifth Amendment to the Constitution of the United States and thereby 5 U.S.C. § 705(2)(B) when it unreasonably delayed the adjudication of the Plaintiff's I-526 Petition for more than a year, forcing her to expend money in filing a Mandamus Petition, which had the consequence of greatly and unnecessarily the wait for visa numbers of the Plaintiff and eliminating the derivative eligibility of her daughter.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectively asks this Court to:

A. Declare that the Defendants' policies, practices and customs, which deprive the Plaintiff of lawful pursuit of immigration benefits within a reasonable time violate the Immigration and Nationality Act and the Administrative Procedure Act,

B. Issue an order declaring the Defendants' denial of the Plaintiff's I-526 Petition is violative of the INA and its attendant regulations, violative of the Administrative Procedure Act, ultra vires, arbitrary and capricious and not otherwise in accordance with law, and violative of Congressional intent,

C. Issue an order directing the Defendants and their agents to immediately issue all necessary and appropriate documents to the Plaintiff to evidence the approval of her I-526 Petition retroactive to the date of the Denial,

D. Issue an order directing the Defendants and their agents to withdraw the Denial of the Plaintiff's Petition,

E. Issue a mandatory injunction requiring the approval of the Plaintiff's I-526 Petition.

F. Grant reasonable attorney's fees and costs of court pursuant to the Equal Access to Justice Act, and

G. Grant such other and further relief as this Court seems proper and just under the circumstances.

Dated: May 19, 2017

Respectfully Submitted:

Sean R. Hanover, Esq.
Hanover Law
DC Bar: 1002709
2751 Prosperity Ave., Suite 150
Fairfax, VA 22031
703-402-2723
seanhanover@hanoverlawpc.com

_____/S/Kevin E. Dehghani________
*To be Admitted Pro Hac Vice*
Dehghani & Associates, LLC
129 Church Street, Suite 225
New Haven, CT 06510
Tel: (203) 773-9513
kdehghani@dehghanilaw.com
Federal Bar No.: ct17511

**CERTIFICATION OF SERVICE**

I certify that a true copy of this complaint, along with the Exhibits 1-5, were sent to the following parties:

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES
Office of the General Counsel
U.S. Department of Homeland Security
Mail Stop 3650
Washington, DC 20528,

JOHN F. KELLY, Secretary, U.S. Dept. of
Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
Mail Stop 3650
Washington, DC 20528,

JAMES McCAMENT, Acting Director, U.S.
Citizenship & Immigration Services
20 Massachusetts Avenue
Washington, DC 20528,

and NICHOLAS COLUCCI, Director, U.S.
Citizenship & Immigration Services,
Immigrant Investor Program Office,
20 Massachusetts Avenue
Washington, DC 20529-2090

Via certified mail with tracking on 30 May 2017. Once counsel is assigned, future notices will be served on Agency Counsel and OIL via CM/ECF.

Sean R. Hanover, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLOMBIA**

| | | |
|---|---|---|
| Batool Sadeghzadeh | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES et al. | ) | |
| | ) | |
| | ) | **CASE NO.: 17-1032** |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S EXHIBIT LIST</u>**

Copy of I-526 filing receipt……………………………………………………..Exhibit 1

Copy of Request for Evidence…………………………………………………..Exhibit 2

Copy of USCIS Decision on I-526 Petition……………………………………..Exhibit 3

Copy of Receipt notice for AAO appeal………………………………………...Exhibit 4

Copy of letter to AAO…………………………………………………………...Exhibit 5